IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CESAR P. MARTINEZ                                                                    PLAINTIFF

v.                                       No. 4:12-cv-328-DPM

CUPPS, North Little Rock Police Officer; and
THOMAS, North Little Rock Police Officer                       DEFENDANTS

ORDER

Martinez says police brutalized him during his arrest and mistreated him during his incarceration by not attending to his injuries. *Document No. 2.* Because Martinez was a prisoner when he filed this case, and because he seeks redress from the North Little Rock Police, the Court must screen the complaint. 28 U.S.C. § 1915A.

Martinez was arrested in a Walmart parking lot in February 2012. He was charged with domestic battery and assault with a knife. He says that he "pleaded with North Little Rock police officers about a tumor on his right forearm before being pulled and yank[ed]." *Document No. 2, at 4.* He also says that he was injured by handcuffs and hit his face when he was thrown into the police vehicle. Martinez has documented some injuries to the left side of his face and jaw, citing prison medical records calling for a "mechanical soft

diet[.]" Martinez says that he was denied medical attention and surgery for the trauma to his face.

Based on information included as an exhibit to Martinez's complaint, officers arrived at the scene of a domestic battery and aggravated assault reported by an onlooker. *Document No. 2, at 10.* The victims, Martinez's fiancée and her ten-year-old son, reported that Martinez punched them and threatened them with a knife. *Ibid.* The boy also reported that Martinez bit his hand during the altercation. *Ibid.* There is no indication that Martinez went peacefully with the officers when they came to arrest him.

A § 1983 excessive force claim is evaluated under the Fourth Amendment's reasonableness standard. *Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011). "In determining whether the force used was objectively reasonable, relevant circumstances include, the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight[; o]ther factors include the duration of the officer's action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with

whom the police officers must contend at one time," as well as "the extent of a suspect's injuries and standard police procedures." *Clark v. Ware*, 873 F. Supp. 2d 1117, 1119-20 (E.D. Mo. 2012) (internal quotations and alterations omitted).

Martinez has not alleged sufficient facts to make out a prima facie case of police brutality or unconstitutional conditions of confinement. The nature of Martinez's offenses — assault and battery, biting, punching, and threatening his victims with a knife in a public parking lot — indicates that the officers' use of force was reasonable and justified. *Clark*, 873 F. Supp. 2d at 1121. That the fianceé and boy later recanted their statements to the police is irrelevant because police were authorized to act based on what was "objectively reasonable under the circumstances." *Clark*, 873 F. Supp. 2d at 1120. Martinez does not allege that he surrendered or that he had been subdued when the officers injured him. His medical documentation does indicate some problems with his jaw, but nothing requiring surgery or treatment beyond what was given by prison medical staff.

Martinez's complaint is dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 February 2013